Cite as 2015 Ark. App. 195

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-14-1062

| | | |
|---|---|---|
| KAYLA HERRON | | **Opinion Delivered** MARCH 18, 2015 |
| | APPELLANT | |
| V. | | APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. JV-13-84] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN | | HONORABLE ROBERT EDWARDS, JUDGE |
| | APPELLEES | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## DAVID M. GLOVER, Judge

The parental rights of Kayla Herron to her two sons, D.S., born March 7, 2011, and E.S., born May 4, 2012, were terminated by the White County Circuit Court in an order filed on September 17, 2014.[1]  Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), Kayla's attorney has filed a no-merit brief asserting that there are no issues that would support a meritorious appeal and a motion requesting to be relieved as counsel.  The clerk of this court attempted to send a copy of counsel's brief and motion to withdraw, along with a letter

---

[1]The parental rights of Herron's husband, Joshua Herron, the legal father of D.S. and E.S.; Harold Steffey, an alleged putative father of D.S. and possibly E.S., who had not established paternity of either child at the time of the termination hearing; and Nathaniel Stipes, another alleged putative father of E.S. who had also not established paternity at the time of the termination hearing, were also terminated in this order, but none of them are parties to this appeal.

notifying Kayla that she had the right to file pro se points for reversal. The first attempt, sent to the Garland County Jail, was returned to sender marked "not here;" a second attempt was made to the updated contact address obtained from Kayla's attorney, but it was refused and returned to sender. We affirm the termination and grant the motion to withdraw.

This case began in March 2013 with a hotline report alleging that Kayla was using methamphetamine in the presence of D.S. and E.S.; that the boys were inadequately supervised; and that Kayla did not have a stable residence. The Arkansas Department of Human Services (DHS) placed a seventy-two hour hold on the children due to the substance abuse, the lack of a stable residence, and the fact that DHS had been unable to find the children for an extended period of time. The children were adjudicated dependent-neglected in an order entered in May 2013. Kayla briefly regained custody of the boys in October 2013, but DHS filed a second motion for ex parte emergency change of custody in December 2013 because: Kayla left the boys with a relative and did not return; the kitchen counters in her residence had moldy food and dirty dishes on them; Tylenol III pills were on the counter and an open bottle of wine was on the ironing board, both within reach of the children; there was no food in the house; Kayla had been arrested on a disorderly-conduct charge that had occurred in the presence of the children; the children were unkempt; Kayla had not been attending Narcotics Anonymous meetings; and Kayla had not been compliant with her mental-health counselor.

DHS filed a petition for termination of parental rights on June 4, 2014, alleging that it was in the children's best interest that Kayla's parental rights be terminated and setting forth

three grounds for termination pertinent to Kayla: (1) the children had been adjudicated dependent-neglected and had continued out of Kayla's custody for twelve months and, despite a meaningful effort by DHS to correct the conditions that caused removal, the conditions had not ben remedied (Ark. Code Ann. § 9-27-341(b)(3)(B)(i)(*a*)); (2) the children had lived outside of Kayla's home for a period of twelve months, and Kayla had willfully failed to provide significant material support (Ark. Code Ann. § 9-27-341(b)(3)(B)(ii)(*a*)); and (3) other factors arose subsequent to the filing of the original petition for dependency-neglect that demonstrated that return of the children to Kayla was contrary to their health, safety, and welfare and that despite the offer of appropriate family services, Kayla had manifested the incapacity or indifference to remedy the subsequent issues or factors that prevented return of the children to her custody (Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)(*a*)). A hearing on the petition to terminate Kayla's parental rights was held on August 28, 2014; an order filed on September 17, 2014, found that it was in the children's best interest to terminate Kayla's parental rights and that DHS had proved all three statutory grounds pertinent to Kayla alleged in its termination petition.

The sole adverse ruling at the termination hearing was the termination of Kayla's parental rights. In compliance with *Linker-Flores*, and Rule 6-9(i), Kayla's counsel has adequately discussed why there is no arguable merit to an appeal of the decision to terminate Kayla's parental rights. After carefully examining the record and the brief presented to us, we hold that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit appeals in termination cases and conclude that the appeal is wholly

SLIP OPINION

without merit. Because the only issue in this case is sufficiency of the evidence, we affirm by

memorandum opinion, *In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985),

and grant the motion to withdraw.

Affirmed; motion to withdraw granted.

GLADWIN, C.J., and HOOFMAN, J., agree.

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, Dependency–Neglect

Appellate Division, for appellant.

No response.